IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

NANCY SMITH, as Personal Representative of
the Estate of JOSHUA MOORE, deceased, and
AMY MOORE,

            Plaintiffs,

v.

TEXTRON AVIATION, INC. d/b/a CESSNA
AIRCRAFT COMPANY and a/k/a CESSNA
SERVICE DIRECT, LLC,

            Defendant.

Case No. 23-CV-2291-JAR-TJJ

## NOTICE AND ORDER TO SHOW CAUSE

This matter is before the Court following its *sua sponte* review of the Complaint for subject-matter jurisdiction. Plaintiffs allege this Court has original subject-matter jurisdiction over this case pursuant to 28 U.S.C. §1332, in that the parties are citizens of different states.[1] A review of the specific citizenship allegations in the Complaint however raises an issue whether complete diversity exists between Plaintiffs and Defendant for the Court to have subject-matter jurisdiction over this action.

Federal courts have limited jurisdiction and may exercise jurisdiction only when specifically authorized to do so.[2] A federal court has an independent obligation to determine

---

[1] Pl.'s Complt. ¶ 5.

[2] *Kokkonen v. Guardian Life Ins. Co. of Am.,* 511 U.S. 375, 377 (1994). *See also Firstenberg v. City of Santa Fe, N.M.*, 696 F.3d 1018, 1022 (10th Cir. 2012) ("Federal subject-matter jurisdiction is elemental. It cannot be consented to or waived, and its presence must be established in every cause under review in the federal courts.").

whether subject-matter jurisdiction exists, even in the absence of a challenge from any party,[3] and must dismiss the action at any stage of the proceedings in which it becomes apparent that jurisdiction is lacking.[4] Because the jurisdiction of federal courts is limited, "there is a presumption against [] jurisdiction, and the party invoking federal jurisdiction bears the burden of proof."[5] There are two statutory bases for federal subject-matter jurisdiction: federal-question jurisdiction under 28 U.S.C. § 1331 and diversity jurisdiction under 28 U.S.C. § 1332. "Diversity jurisdiction requires complete diversity—no plaintiff may be a citizen of the same state as any defendant."[6] In addition, Federal Rule of Civil Procedure 7.1(a)(2) requires a party in a diversity case to file a disclosure statement naming and identifying the citizenship of every individual or entity whose citizenship is attributed to that party.[7]

For diversity jurisdiction purposes, "a natural person is deemed a citizen of the state in which he or she is domiciled,"[8] and "citizenship is equivalent to domicile."[9] "[T]he legal representative of the estate of a decedent shall be deemed to be a citizen only of the same State as the decedent."[10] The citizenship of a business entity is determined by its organizational

---

[3] *Arbaugh v. Y & H Corp.*, 546 U.S. 500, 514 (2006).

[4] *See* Fed. R. Civ. P. 12(h)(3) ("If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action.").

[5] *Marcus v. Kan. Dep't of Revenue*, 170 F.3d 1305, 1309 (10th Cir. 1999).

[6] *Grynberg v. Kinder Morgan Energy Partners, L.P.*, 805 F.3d 901, 905 (10th Cir. 2015).

[7] Fed. R. Civ. P. 7.1(a)(2) and advisory committee's note to 2022 amendment.

[8] *Mid-Century Ins. Co. v. Johnson*, No. 13-2191-RDR, 2013 WL 3013620, at *2 (D. Kan. June 14, 2013) (citing *Smith v. Cummings*, 445 F.3d 1254, 1260–61 (10th Cir. 2006)).

[9] *Smith v. Cummings*, 445 F.3d 1254, 1259 (10th Cir. 2006).

[10] 28 U.S.C. § 1332(c)(2).

structure. If the business is a corporation, it is a citizen of the state where it is incorporated and the state where its principal place of business is located.[11]

A review of the Complaint reveals that Plaintiffs have not alleged sufficient facts for the Court to determine whether diversity of citizenship exists, as required by 28 U.S.C. § 1332. Plaintiffs allege in paragraph 2 of their Complaint that Defendant was and is a Kansas corporation, with its headquarters and principal place of business located in Wichita, Kansas.[12] Plaintiffs also allege Nancy Smith is a citizen and resident of the state of North Carolina, and the executrix of the estate of Joshua Moore, but make no allegations regarding the citizenship of the deceased Joshua Moore or of co-plaintiff Amy Moore.[13] As plaintiff Nancy Smith brings this action in her capacity as the legal representative of the estate of decedent Joshua Moore, she is deemed to be a citizen of the same state as the decedent. The citizenships of the decedent Joshua Moore and of co-plaintiff Amy Moore are therefore necessary for the Court to determine whether there is complete diversity between Plaintiffs and Defendant.

**IT IS THEREFORE ORDERED** that on or before **November 15, 2023**, Plaintiffs shall either file their Fed. R. Civ. P. 7.1(a)(2) citizenship disclosure statement, or otherwise show good cause in writing to District Judge Julie A. Robinson why the Court should not dismiss this action for lack of diversity jurisdiction under 28 U.S.C. § 1332.

---

[11] *See* 28 U.S.C. § 1332(c)(1) (a corporation "shall be deemed to be a citizen of every State and foreign state by which it has been incorporated and of the State or foreign state where it has its principal place of business. . . .); *Newsome v. Gallacher*, 722 F.3d 1257, 1267 (10th Cir. 2013).

[12] Pl.'s Complt. ¶ 3.

[13] Pl.'s Complt. ¶ 1.

IT IS SO ORDERED.

Dated November 1, 2023, at Kansas City, Kansas.

*Teresa J. James*
Teresa J. James
U. S. Magistrate Judge