## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| NANCY SMITH, as Personal Representative of the Estate of Joshua Moore, Deceased, and AMY MOORE, | |
| **Plaintiffs,** | Case No. 2:23-CV-02291-JAR-TJJ |
| v. | |
| TEXTRON AVIATION INC., a/k/a CESSNA AIRCRAFT COMPANY and a/k/a CESSNA SERVICE DIRECT, LLC, | |
| **Defendant.** | |

## <u>MEMORANDUM AND ORDER</u>

Plaintiffs Nancy Smith and Amy Moore filed this case on June 28, 2023, designating Kansas City, Kansas, as the place of trial. On October 26, 2023, Defendant Textron Aviation, Cessna, and Cessna Service Direct (Textron) filed a Motion for Change of Trial Location to Wichita, Kansas.[1] Defendant contends trial in this case should be held in Wichita rather than in Kansas City because Textron, the only party residing in Kansas, is located in Wichita, and Defendant believes that all potential witnesses and evidence affiliated with Textron are located in the Wichita area. Defendant notes neither Plaintiff resides in Kansas and the only connection Plaintiffs have to Kansas is through their local counsel in Leawood, Kansas, which is in the Kansas City area. Plaintiffs filed a Response in Opposition to Defendant's Motion on November 30, 2023.[2] Plaintiffs argue trial should take place in Kansas City as originally designated because

---

[1] ECF No. 10.

[2] ECF No. 17.

Defendant has not met its burden of proving that the factors governing change of trial location strongly favor a transfer from Plaintiffs' chosen forum. For the reasons explained below, Defendant's motion is denied at this time, without prejudice.

## I.     Legal Standards

Under D. Kan. Rule 40.2(e), "[t]he court is not bound by the requests for place of trial. It may determine the place of trial upon motion or in its discretion." In considering motions for intra-district transfer, the courts of this district look to the factors relevant to change of venue motions under 28 U.S.C. § 1404(a).[3] Under this statute, "a district court may transfer any civil action to any other district or division where it might have been brought" for the convenience of parties and witnesses.[4] Additionally, 28 U.S.C. § 1404(c) provides that "[a] district court may order any civil action to be tried at any place within the division in which it is pending."

Section 1404(a) gives "a district court broad discretion in deciding a motion to transfer" on a "case-by-case" basis.[5] In evaluating a transfer under 28 U.S.C. § 1404(a), the Court considers five factors: (1) the plaintiff's choice of forum; (2) convenience of witnesses; (3) accessibility of witnesses and other sources of proof; (4) the possibility of obtaining a fair trial; and (5) "all other considerations of a practical nature that make a trial easy, expeditious, and economical."[6] The plaintiff's choice of forum should not be disturbed unless the balance weighs

---

[3] *See, e.g.*, *Llizo v. City of Topeka, Kan.*, 844 F. Supp. 2d 1212, 1214 (D. Kan. Jan. 20, 2012); *Aramburu v. Boeing Co.*, 896 F. Supp. 1063, 1064 (D. Kan. July 6, 1995); *Skepnek v. Roper & Twardowsky, LLC*, No. 11-4102-DDC-JPO, 2015 WL 10246976, at *1 (D. Kan. Aug. 27, 2015).

[4] 28 U.S.C. § 1404(a).

[5] *Spires v. Hospital Corp. of America*, No. 06-2137-JWL, 2006 WL 1642701, at *2 (D. Kan. June 8, 2006) (citing *Chrysler Credit Corp. v. Country Chrysler, Inc.*, 928 F.2d 1509, 1516 (10th Cir. 1991)).

[6] *Skepnek*, 2015 WL 10246976, at *1 (quoting *Chrysler Credit Corp.*, 928 F.2d at 1515–16).

strongly in favor of transfer,[7] and the moving party bears the burden of proving that the existing

forum is inconvenient.[8]  Indeed, courts in this District have held that the moving party must

show the existing forum is "substantially inconvenient, not just that [the proposed new forum] is

marginally more convenient."[9]

## II.    Analysis

### A.  Plaintiffs' Choice of Forum

Although a plaintiff's choice of forum is normally entitled to great deference, such

consideration is given "much less weight in ruling on a discretionary transfer motion" if the

plaintiff's choice of forum is not the plaintiff's residence.[10] "When the plaintiff does not reside in

the chosen forum, the rationale for allowing plaintiff to dictate the forum evaporates."[11]

Defendant notes neither Plaintiff lives in Kansas and argues neither Wichita nor Kansas City is

more or less convenient to Plaintiffs than the other.[12]

Plaintiffs respond, citing *Nkemakolam v. St. John's Military School*,[13] in support of their

argument that "the plaintiffs' chosen forum is always given deference, even if the plaintiffs do

---

[7] *McDermed v. Marian Clinic, Inc.*, No. 14-2194-EFM-KMH, 2014 WL 6819407, at *2 (D. Kan. Dec. 2, 2014) (citing *Scheidt v. Klein*, 956 F.2d 963, 965 (10th Cir. 1992)); *Escalante v. Williams*, No. 17-CV-2035-HLT-KGG, 2018 WL 4341268, at *1 (D. Kan. Sept. 11, 2018).

[8] *Id.*

[9] *Spires*, 2006 WL 1642701, at *3; *See also Menefee v. Zepick*, No. 09-2127-JWL, 2009 WL 1313236, at *2 (D. Kan. May 12, 2009).

[10] *Barnes & Noble Booksellers, Inc., v. Town Center Plaza, LLC*, No. Civ.A. 05-2011-CM, 2005 WL 2122803, at *2 (D. Kan. May 18, 2005). *See also Tiffany v. City of Topeka*, No. 09-2232-CM, 2009 WL 1683515, at *1 (D. Kan. June 16, 2009); *Baker v. Via Christi Reg'l Med. Ctr.*, 2007 WL 913925, at *2 (citing *Wichita Investors, LLC v. Wichita Shopping Ctr. Assocs.*, No. 02-2186-CM, 2002 WL 1998206, at * 1 (D. Kan. Aug. 7, 2002)).

[11] *Twigg v. Hawker Beechcraft Corp.*, 2009 U.S. Dist. LEXIS 33470, at *5 (D. Kan. April 20, 2009).

[12] ECF No. 11 at 7–8.

[13] 876 F. Supp. 2d 1240 (D. Kan. June 26, 2010).

not reside in the forum."[14] Plaintiffs assert, therefore, that the first factor weighs in favor or Kansas City. But, the court in *Nkemakolam* actually minimized the weight given Plaintiffs' choice of forum because Plaintiffs in that case did not reside in their chosen forum.[15] "[M]any courts give substantially less, if any, deference to the plaintiff's choice of forum when the plaintiff resides elsewhere."[16] Moreover, as a factor, the plaintiff's choice of forum "is not a significantly more weighty factor than any of the other factors considered here, particularly when the forum's connection to the case is obscure and the forum's connection to the plaintiff is even more so."[17]

The Court finds Plaintiffs have not shown how they or their case are connected to Kansas City (other than through their local counsel) when they do not reside there. The Court, therefore, gives little weight to Plaintiffs' choice of Kansas City as forum.

### B. Convenience of the Witnesses

As this Court has emphasized, "[i]n deciding a motion to transfer under § 1404(a), the relative convenience of the forum is 'a primary, if not the most important, factor to consider.'"[18] Specifically, "[c]onvenience of the non-party witnesses is the most important factor to be

---

[14] ECF No. 17 at 2.

[15] *See Nkemakolam*, 876 F. Supp. 2d at 1248 ("[A]lthough the Court's deference to plaintiffs' choice of forum is lessened by the fact that they do not reside in Kansas, plaintiffs' designation of Kansas City as the place of trial remains at least a factor to be considered.").

[16] *Twigg*, 2009 U.S. Dist. LEXIS 33470, at *5 (citing Charles Alan Wright, Arthur R. Miller & Edward H. Cooper, Federal Practice and Procedure: Jurisdiction § 3848 (3d ed. 2007)).

[17] *Id.*, at *3.

[18] *LeTourneau v. Venture Corp.*, No. 15-2629-JAR, 2018 WL 489096, at *3 (D. Kan. Jan. 19, 2018) (quoting *McIntosh v. City of Wichita*, No. 14-2402, 2015 WL 1646402, at *2 (D. Kan. Apr. 14, 2015)).

considered."[19] Ultimately, the Court will grant Defendant's transfer motion only if it finds Kansas City to be substantially inconvenient for non-party witnesses, not just that Wichita is marginally more convenient.[20] Such inconvenience requires that "all or practically all the witnesses reside in a different forum and traveling to the proposed forum is a substantial burden."[21] The moving party must therefore "identify the witnesses and their locations, indicate the quality or materiality of their testimony, and indicate that depositions from witnesses who are unwilling to come to trial would be unsatisfactory and the use of compulsory process would be necessary."[22]

As Defendant notes, Plaintiffs' Complaint does not name or give locations for specific potential witnesses. Defendant also asserts any fact witnesses associated with Textron that might be called to testify at trial are located in the Wichita area.[23] The Federal District Courthouse in Kansas City is roughly 200 miles from Textron's location in Wichita while the Courthouse in Wichita is only about 10 miles from Textron. Defendant also cites examples from the District of Kansas where the Court found Kansas City to be substantially inconvenient as compared to Wichita when defendant businesses were located in Wichita and no parties or witnesses lived in Kansas City.[24]

---

[19] *Meek & Assocs., Inc. v. First Union Ins. Grp.*, 99-2519-CM, 2001 WL 58839, *1 (D. Kan. Jan. 18, 2001).

[20] *See Menefee*, 2009 WL 1313236, at *2.

[21] *McIntosh v. City of Wichita*, No. 14-2402, 2015 WL 164602, at *2 (D. Kan. Apr. 14, 2015).

[22] *LeTourneau*, 2018 WL 489096, at *3 (quoting *McDermed*, 2014 WL 6819407, at *2).

[23] ECF No. 11 at ¶ 4.

[24] Id. at 6–7 (citing *Smith v. Staffmark Temporary Agency*, No. 07–2089–CM–GLR, 2007 WL 2436669 (D. Kan. Aug. 22, 2007)); *Benson v. Hawker Beechcraft Corp.*, No. 07–2171–JWL, 2007 WL 1834010 (D. Kan. June 26, 2007)).

In response, Plaintiffs argue it is too early for Defendant to claim that "a majority, if not all, potential witnesses" reside in the Wichita area.[25] Plaintiffs also note the parties have not exchanged discovery and Defendant has not identified any specific witnesses. Plaintiffs concede that some witnesses may live in Wichita, but they assert "the plaintiff, eyewitnesses to the accident," which occurred in Florida, "aircraft maintenance personnel, expert witnesses, FAA personnel, airport personnel, flight school, personnel, and the owner of the flight school" are not located in Wichita.

It is Defendant's burden here to show that Kansas City would be substantially inconvenient for witnesses. While Defendant has made a general claim that potential Textron-affiliated witnesses all live in or near Wichita, it has not specifically identified any for whom Kansas City would be substantially inconvenient nor has it articulated the significance of their testimony or why it would be necessary for them to testify at trial. Mere "[c]onclusory assertions regarding the inconvenience of witnesses are of limited significance."[26] Defendant has not, at this early stage of the case, met its burden of showing that non-party witnesses would be substantially inconvenienced by a trial in Kansas City.[27] Therefore, the Court finds this factor does not weigh in favor of a transfer to Wichita.[28]

---

[25] ECF No. 17 at 2–3.

[26] *Spires*, 2006 WL 1642701, at * (quoting *United Building Supply, Inc. v. Sherman*, No. 97–1003–JTM, 1997 WL 157200, *3 (D. Kan. Mar. 13, 1997)).

[27] At the time of briefing this motion, the parties had not yet exchanged Rule 26 disclosures and discovery had not yet commenced.

[28] *See Kramer v. Textron Aviation, Inc.*, No.: 20-2341-DDC-GEB, 2020 WL 7388612, at *4 (D. Kan. Dec. 16, 2020) (finding that, because witnesses were "potential" and "yet to be disclosed," the court was "currently unable to determine the weight of this most important factor").

*C. Accessibility of Witnesses and Other Sources of Proof*

Defendant asserts any witnesses or proof from Textron would be more accessible with a trial in Wichita because Textron and its business records are located in Wichita.[29] Defendant also notes a subpoena issued to secure the trial attendance of any Textron-affiliated witness who is not a Textron officer would be subject to objection, because these witnesses would be required to travel more than 100 miles from where they reside, are employed, or regularly transact business if trial were held in Kansas City.[30] Textron is in Wichita, so it is reasonable to infer that witnesses and proof related to Textron would be more accessible in Wichita than in Kansas City. However, neither side has gone beyond a general indication of the range of potential witnesses and sources of proof. And, it is Defendant's burden to show that this factor favors transfer to Wichita, not Plaintiff's to show positively that it favors Kansas City.

Regarding accessibility for potential out-of-state witnesses, Defendant argues that travel to Kansas City is not more convenient than travel to Wichita because both cities are served by airports with flights to Jacksonville, Florida (Plaintiff's counsel) and Raleigh, North Carolina (near Plaintiff Smith's residence).[31] Plaintiff responds that Kansas City would be more accessible than Wichita to out-of-state witnesses because there are more frequent and more direct flights to and from Kansas City, reducing travel times and lengths of stay for witnesses.[32] However, this court "has refused to designate Kansas City as the place of trial over Wichita based on the size of

---

[29] ECF No. 11 at 7.

[30] Id. at 8; *See* Fed. R. Civ. P. 45(c). Defendant cites K.S.A. 60-245(c)(3)(ii), which is substantially the same as Fed. R. Civ. P. 45(c).

[31] ECF No. 11 at 7–8.

[32] ECF No. 17 at 3.

the Kansas City International Airport, because Wichita also 'has a sizeable airport with national airlines.'"[33]

Again, at this early stage of the case, the Court finds that Defendant's general mention of potential witnesses and proof does not satisfy its burden with regard to their accessibility. This factor, therefore, does not weigh in favor of transfer to Wichita.

D.      *Fair Trial*

As Defendant shows, courts in the District of Kansas have found plaintiffs who bring a cause of action against a Wichita company can get a fair trial in Wichita.[34] Plaintiffs argue this factor remains neutral because Defendant has not shown that it would not be able to receive a fair trial in Kansas City.[35] The Court knows of no reason the parties could not have a fair trial in either city and therefore finds this factor does not favor transfer to Wichita.

E.      *Other Considerations*

The final factor weighs "all other practical considerations that make a trial easy, expeditious, and economical."[36] Defendant does not make an argument concerning this factor. Plaintiffs argue that convenience to parties' counsel weighs in favor of trial in Kansas City because counsel for both parties have offices in the Kansas City area.[37] Convenience to counsel is not, however, a significant consideration when determining trial location, for "[u]nlike the convenience of the witnesses, 'the convenience of counsel is entitled to little, if any, weight in

---

[33] *Walker v. Corizon Health, Inc.*, No. 17-2601-DDC-KGG, 2022 WL 1081188, at *3 (D. Kan. Apr. 11, 2022) (quoting *Callahan*, 2017 WL 1303269, at *3).

[34] ECF No. 11 at 8–9 (citing *Jones v. Wichita State Univ.*, No. 06-2131-KHV-GLR, 2007 U.S. Dist. LEXIS 29185, at *7 (D. Kan. Apr. 19, 2007)).

[35] ECF No. 17 at 3.

[36] *Chrysler Credit Corp.*, 928 F.2d at 1516.

[37] ECF No. 17 at 3.

ruling on a § 1404(a) transfer.'"[38] Accordingly, the Court give this consideration little weight,[39] but because the general burden of showing substantial inconvenience remains with Defendant, this lack of weight does nothing to disturb Plaintiff's chosen forum of Kansas City.

The Court observes that convenience to the parties, which is not given as a discrete factor to be considered when weighing a motion to change trial location, is, nevertheless, a statutory consideration for courts in determining trial location[40] and the Court therefore considers it here. Plaintiffs have deemed Kansas City more convenient for themselves (and their potential witnesses) because of the larger, more accessible airport.[41] However, as stated above, this court has refused to designate Kansas City as the place of trial over Wichita based on the size of the Kansas City International Airport.[42] Wichita would doubtless be more convenient to Wichita-based Defendant Textron. When a transfer merely shifts inconvenience from one party to the other, courts in this district have found the transfer to be inappropriate.[43] The Court, therefore, does not weigh convenience of the parties in favor of transfer to Wichita.

---

[38] *LeTourneau*, 2018 WL 489096, at *3 (quoting *Hughes v. Blue Cross Blue Shield of Kan., Inc.*, No. 12-2339 JTM, 2012 WL 3644845, at *4 (D. Kan. Aug. 24, 2012)).

[39] *But see Spires*, 2006 WL 1642701, at *4 (considering "relative convenience for the witnesses, parties, and attorneys" in its consideration of forum convenience).

[40] 28 U.S.C. § 1404(a) ("For the convenience of parties and witnesses . . . a district court may transfer any civil action . . . .").

[41] ECF No. 17 at 3.

[42] *Walker*, 2022 WL 1081188, at *3 (quoting *Callahan*, 2017 WL 1303269, at *3).

[43] *See Doyle v. Unified Sch. Dist. No. 210, Stevens Cnty., Kan.*, Civ. A. No. 93–4198–DES, 1994 WL 116343, at *2 (D. Kan. Mar. 17, 1994) (citing *Merchants Nat'l Bank v. Safrabank (California)*, 776 F. Supp. 538, 542 (D. Kan. Oct. 9, 1991)).

The Court finds Defendant has not met its burden at this time to show that the case should be transferred to Wichita for trial. Thus, the Court finds that Defendant's Motion should be denied, without prejudice. If warranted as a result of discovery in the case, Defendant may file a renewed motion to change trial location at a later date. During the initial scheduling conference in the case, the Court will set a deadline for filing of any such motion.

**IT IS THEREFORE ORDERED THAT** Textron Aviation Inc.'s Motion to Designate Wichita as the Place of Trial (ECF No. 10) is **Denied without prejudice**.

IT IS SO ORDERED.

Dated in Kansas City, Kansas on this 19th day of December, 2023.

Teresa J. James
U. S. Magistrate Judge